Filed 8/25/22  L.B. v. S.T. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| L.B.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>S.T.,<br><br>        Defendant and Respondent. | B313824<br><br>(Los Angeles County<br>Super. Ct. No. 19STPT03689) |

APPEAL from an order of the Superior Court of Los Angeles County, Reva G. Goetz, Judge.  Affirmed.

Thomas Vogele & Associates, Thomas A. Vogele and Timothy M. Kowal, for Plaintiff and Appellant.

S.T., in pro. per., for Defendant and Respondent.

# INTRODUCTION

In this child custody and visitation case, appellant mother L.B. appeals from an award of attorney fees and costs under Family Code section 7605, which provides in relevant part: "When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs."[1] (§ 7605, subd. (b).) Respondent father S.T. requested over $350,000 in fees and costs under section 7605, producing evidence that, inter alia, appellant was able to pay both parties' fees and costs. Appellant opposed the request, without addressing most of respondent's evidence of her ability to pay. After a hearing, the court issued a detailed order comparing the parties' financial positions, discrediting much of appellant's evidence, and finding, on the basis of other evidence: (1) an award of fees and costs was appropriate; (2) there was a disparity between the parties in their ability to pay; and (3) appellant had the ability to contribute to respondent's fees. The court ordered appellant to pay respondent $150,000 (at a rate of $2,500 per month), expressly finding

---

[1]     Undesignated statutory references are to the Family Code.

2

that this amount was just and reasonable based on the totality of the circumstances.

On appeal, appellant contends: (1) the court failed to find she had the ability to pay the $150,000 award, as required by section 7605; and (2) even assuming the court made this finding, the evidence did not support it. Our review of the record persuades us that the court did make this finding, and that substantial evidence supported it. Accordingly, we affirm.

## PROCEEDINGS BELOW
### A. Respondent's Request for Fees

The parties' daughter was born in May 2015. Until December 2019, the parties shared custody pursuant to a coparenting agreement. Beginning in mid-December 2019, appellant repeatedly made accusations that respondent had sexually abused their daughter, including to the Los Angeles County Department of Child and Welfare Services and the Los Angeles County Sheriff's Department. Around the same time, appellant initiated this action by filing a petition for, inter alia, sole legal and physical custody, with no visitation. By February 2020, each agency with which a report had been filed had closed its investigation without any finding of abuse. In late February 2020, appellant renewed her allegations of sexual abuse by, inter alia, making multiple Internet posts and holding a vigil outside respondent's home.

3

She also "reiterated" her allegations of abuse in a request for a restraining order, which was denied.[2]

In August 2020, respondent filed a request for, inter alia, an order awarding $350,000 in attorney fees and costs (including those already incurred and those expected to be incurred), based on his financial need and appellant's "superior ability to pay." He declared that appellant's conduct, including her false claims of sexual abuse, was responsible for the extent of his fees and costs, and that although he had been able to pay a portion thereof with assistance from his mother, he lacked "the financial wherewithal to sustain this litigation." He further declared the COVID-19 pandemic had reduced or eliminated his primary sources of income, viz., ballet teaching and live performance. Regarding appellant's ability to pay, he declared, inter alia, appellant had testified at her deposition that she earned significant income from her business, through which she worked in three capacities: (1) alternative health care practitioner (practicing and teaching "BodyTalk"); (2) craniosacral therapist; and (3) sex coach. Respondent's discovery regarding appellant's rental income and other financial matters remained pending.

---

[2] In November 2020, the family court entered a two-year restraining order prohibiting appellant from, inter alia, making any materially false claim that the parties' daughter had been abused.

4

### *B. Appellant's Income and Expense Declarations*

In October 2020, appellant filed her first income and expense declaration. This declaration is not in the record. According to the family court's recitation of the facts, which appellant expressly does not challenge on appeal, this declaration reported, inter alia, $7,680 in monthly income, $67,335 in assets, $55,000 in attorney fees incurred to date, and $7,967 in monthly expenses.

In January 2021, appellant gave birth to a son and filed a second income and expense declaration. Compared to her first, this declaration reported lower monthly income ($5,567), nearly $30,000 more in assets ($94,209), much lower attorney fees incurred to date ($15,000), and much higher monthly expenses ($17,351). Appellant declared she received $1,444 in net rental income from a two-unit property she and her mother owned in Inglewood. She and her mother also owned her current residence in Los Angeles. Regarding her business income, appellant attached schedule C from her 2019 tax return (the most recent she had filed), which reported that in 2019, her business yielded over $155,000 in gross income and approximately $130,000 in net profit. Appellant declared that her 2019 tax return accurately set forth her prior income, but that her income would be "significantly different going forward" due to the pandemic and her taking of maternity leave. In fact, she claimed she would have "no income" during her maternity leave, because she would no longer be working as a BodyTalk teacher, craniosacral therapist, or sex coach.

Appellant also declared the pandemic had "almost completely wiped out" her business, but did not elaborate on this statement, to which the court subsequently sustained a foundation objection.

### C. Briefs and Additional Evidence

In February 2021, each party submitted an opening brief and a response brief regarding respondent's request for fees and costs. Respondent asked the court to award him $368,917.57 in fees and costs under section 7605. He argued he had a financial need for the award, and appellant had the ability to pay it. Challenging appellant's representations that her income had been reduced or eliminated in 2020 and 2021, respondent submitted: (1) a letter signed by appellant in April 2020, stating she was "still conducting [her] business as usual during the pandemic," both in person (with masks and gloves) and remotely; (2) a profit-and-loss statement signed by appellant in September 2020, indicating that from January to September 2020, her business earned over $81,000 in net income; and (3) a 2021 reference on appellant's website indicating she was continuing to perform in-home services and in-person treatment. Respondent also challenged other representations by appellant; for instance, he submitted a July 2020 billing statement indicating appellant had incurred more than $70,000 in attorney fees, contradicting her subsequent declarations that she had incurred only $55,000 or $15,000. Respondent further

6

argued that appellant had been noncooperative in financial discovery, forcing him to incur additional fees and costs.

In appellant's opposition briefs, she principally argued respondent had failed to show any need for financial assistance in paying for access to counsel. She also argued she lacked the ability to pay the requested award, but failed to address most of the evidence on the issue.[3]

### D. Hearing and Ruling

In March 2021, the family court held a hearing on respondent's fee request. In advance of the hearing, the court provided the parties with a tentative ruling awarding respondent a portion of his requested fees and costs. Appellant asked the court to issue a statement of decision. She also challenged the tentative ruling, arguing respondent had never lacked the ability to pay his own fees and costs. She further argued she lacked the ability to pay the award, claiming she had little or no income while on maternity leave. Appellant conceded, however, that the court had "legitimate concerns" about the veracity of her income and expense declarations. Respondent argued the tentative ruling properly found appellant not credible regarding her

---

[3] Appellant specifically addressed only one piece of evidence on which respondent relied in arguing she had the ability to pay the requested award, viz., a purported loan application representing that appellant had over $1.25 million in assets. As the parties agree, the family court did not rely on this evidence. On appeal, respondent disclaims reliance on it.

income.  The court took the matter under submission, commenting that it would frame its final ruling as a statement of decision, as appellant had requested.

In April 2021, the court entered a stipulated judgment resolving all issues other than respondent's request for fees and costs.  In May 2021, the court issued its final ruling on respondent's request, ordering appellant to pay respondent $150,000 in fees and costs (less than half the amount requested) at a rate of $2,500 per month.  The court denied appellant's request for a statement of decision as untimely.  However, the court's 26-page order set forth in detail the reasons for its decision.

Under the heading "Specific findings required by statute," the court made a "Comparison of each party's financial position."  The court credited respondent's evidence of a need for financial assistance in paying his fees and costs.  With respect to appellant's evidence, the court credited her declaration that she received approximately $1,400 in net rental income per month.  Otherwise, however, the court found appellant's two income and expense declarations "unreliable."  The court found appellant's declarations not only contradicted each other, but also were contradicted by independent sources, including her 2019 tax return.  Relying on her tax return, the court found appellant received approximately $12,270 in monthly business income.  The court expressly deemed appellant's 2019 tax return "reliable," notwithstanding its age.  Relatedly, the court discredited appellant's claim that her business income had

8

been reduced or eliminated in 2020 (with the pandemic) and 2021 (with her maternity leave), observing that mere days before her son's birth in 2021, she indicated in an Internet post that she would continue providing remote and in-person services.

The court proceeded to set forth its "Ruling," stating at the outset: "The court finds that an award of [respondent]'s attorney's fees and costs payable by [appellant] is appropriate. Not only is there a disparity in the incomes of each party[,] there is [also] a disparity between the parties [in] their ability to pay their attorney fees. Based on [appellant]'s earning capacity as reported on her tax return, her ownership of two real properties, and the credibility issues associated with her Income and Expense Declarations, [appellant] has the ability to contribute to [respondent]'s attorney fees." The court found appellant not credible in claiming she had no income following her son's birth, again noting this claim was in conflict with her recent Internet post. The court also found appellant's reported income and earning capacity greatly exceeded respondent's earning abilities. In a subsequent paragraph, the court stated: "[Appellant']'s financial resources are difficult to ascertain. Therefore, the court cannot make the finding that [appellant] does not have the ability to pay a contributive share of [respondent]'s attorney fees: [¶] a. [Appellant] most recently reported monthly income in the amount of $5,567 and monthly expenses in the amount of $17,351. She did not explain how she is able to sustain that level of expenses. [¶]

9

b. [Appellant]'s assets have increased by approximately $30,000. [¶] c. [Appellant] materially underreported attorney fees incurred by her prior counsel. [¶] d. Based on [appellant]'s 2019 tax returns her net monthly income is approximately $12,270 which is significantly more than what she reported on each of her Income and Expense Declarations. [¶] e. Based on the above, the only explanation is that [appellant] has an additional source(s) of income or support that she has not reported."  (Footnote omitted.)

At the conclusion of its ruling, immediately before ordering appellant to pay respondent $150,000 in fees and costs, the court stated: "Based on the totality of the circumstances, the court finds that the amount ordered herein by [appellant] to pay of [respondent]'s attorney fees and costs is just and reasonable."  (See § 2032, subd. (a) ["The court may make an award of attorney's fees and costs under Section 2030 . . . where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties"].)[4] Appellant timely appealed.

---

[4]    In interpreting section 7605, courts may look to section 2030, a "'virtually identical'" statute that applies in dissolution cases.  (*N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1053.)  Courts may also look to section 2032, which supplements section 2030. (*Kevin Q. v. Lauren W.* (2011) 195 Cal.App.4th 633, 644.)  As the family court correctly observed: "Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties *(Fn. is continued on the next page.)*

## DISCUSSION

Appellant contends: (1) the family court failed to find she had the ability to pay the $150,000 award of fees and costs, as required by section 7605; and (2) even assuming the court made this finding, the evidence did not support it. We address each contention in turn.

### A. The Court Found Appellant Had the Ability to Pay the $150,000 Award

Section 7605 provides: "In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party . . . whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (§ 7605, subd. (a).) "When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate,

---

under their relative circumstances." (§ 2032, subd. (b).) In addition to the parties' financial resources, the court considered appellant's responsibility for the extent of respondent's fees, finding respondent incurred far more fees than he otherwise would have, due to appellant's noncooperation in discovery and repeated false accusations of sexual abuse.

11

whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs."  (§ 7605, subd. (b).)  The required findings need not be stated in any particular language.  (See *N.S. v. D.M.*, *supra*, 21 Cal.App.5th at 1054 [court awarding or denying fees under section 7605 must demonstrate on the record it has considered statutory factors in exercise of its discretion, but "'no particular language is required in [the] order'"].)

Appellant contends the family court failed to make the required finding "whether one party is able to pay for legal representation of both parties" (§ 7605, subd. (b)), by failing to find appellant had the ability to pay the $150,000 award.  We disagree.

The court's express language reflects the required finding of appellant's ability to pay.  Immediately before ordering appellant to pay $150,000 in fees and costs (less than half the amount requested), the court expressly found "the amount ordered" was just and reasonable based on the totality of the circumstances.  Nowhere did the court suggest it found this amount just and reasonable regardless of appellant's ability to pay it.  On the contrary, the court considered her ability to pay in detail.  Under the heading "Specific findings required by statute," the court assessed appellant's financial position, including by identifying evidence that her net monthly income included $12,270 from

12

her business and $1,400 from a rental property.  At the outset of its "Ruling," the court found: "Based on [appellant]'s earning capacity as reported on her tax return, her ownership of two real properties, and the credibility issues associated with her Income and Expense Declarations, [appellant] has the ability to contribute to [respondent]'s attorney fees."  The court proceeded to identify further support for this finding.  In finding both that appellant had the ability to contribute to respondent's fees, and that it was just and reasonable to order her to pay the ordered $150,000 share thereof, the court satisfied section 7605's requirement for a finding of her ability to pay.

We reject appellant's reliance on out-of-context excerpts from a single paragraph of the court's 26-page order.  This paragraph stated: (1) appellant's financial resources were difficult to ascertain; (2) the court could not find appellant did not have the ability to pay a contributive share of respondent's fees; and (3) in view of conflicts within appellant's income and expense declarations, and between those declarations and other evidence (such as her 2019 tax return), appellant must have had at least one unreported source of income or support.  Nothing in this paragraph contradicted the aforementioned portions of the order finding, on the basis of affirmative evidence concerning appellant's financial resources, that appellant had the ability to pay the $150,000 award.  Indeed, this paragraph followed the court's finding that appellant had the ability to contribute to respondent's fees, and its identification of

13

evidence supporting that finding.  Thus, this paragraph appeared to reflect only the court's rejection of appellant's counterargument, as suggested by the court's statement that it could not find appellant did *not* have the ability to pay.  In sum, we conclude the record shows the court complied with section 7605 by finding appellant had the ability to pay the $150,000 award.[5]

### *B. Substantial Evidence Supported the Court's Finding of Ability to Pay*

Appellant contends the evidence before the family court did not support a finding she had the ability to pay the $150,000 award.  As appellant acknowledges, we review the court's factual findings for substantial evidence.  (See *Kevin Q. v. Lauren W., supra,* 195 Cal.App.4th at 642.)  "[T]he fundamental question before an appellate court reviewing for sufficiency of the evidence is . . . whether any reasonable trier of fact could have made the finding that is now challenged on appeal."  (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1005.)  "In reviewing factual determinations for substantial evidence, a reviewing court should 'not reweigh the evidence, evaluate the credibility of witnesses, or resolve evidentiary conflicts.'  [Citation.]  The determinations should

---

[5]     Accordingly, we need not consider appellant's argument that this allegedly "missing" finding should not be inferred because the court assertedly erred in denying appellant's request for a statement of decision.

14

'be upheld if . . . supported by substantial evidence, even though substantial evidence to the contrary also exists and the trial court might have reached a different result had it believed other evidence.' [Citation.] [Even] [u]ncontradicted testimony rejected by the trial court "'cannot be credited on appeal unless, in view of the whole record, it is clear, positive, and of such a nature that it cannot rationally be disbelieved.'"'" (*In re Caden C.* (2021) 11 Cal.5th 614, 640.)

Substantial evidence supported the court's finding that appellant had the ability to pay the $150,000 award (at the ordered rate of $2,500 per month). Appellant's 2019 tax return, which the court found reliable, reported over $155,000 in gross income and approximately $130,000 in net profit. The court reasonably relied on the tax return in finding that appellant earned approximately $12,270 in monthly business income. The court also credited appellant's declaration that she received approximately $1,400 in net rental income per month. Further, the court discredited appellant's declarations that she incurred monthly expenses of approximately $8,000 or over $17,000. Appellant conceded during the hearing that the court had "legitimate concerns" about the veracity of her declarations. In any event, we may not reevaluate the court's assessment of her credibility on appeal. (See *In re Caden C.*, *supra*, 11 Cal.5th at 640.) On this record, we conclude the court reasonably found that appellant had the ability to pay the $150,000 award at a rate of $2,500 per month.

As she did before the family court, appellant fails to address much of the evidence of her ability to pay. In her opening brief, she fails to mention either her rental income or her 2019 tax return. In her reply brief, for the first time, she argues the court erred in finding her tax return reliable because "the court did not suggest how it analyzed the 2019 information in light of the historic financial disruptions during the Covid-19 pandemic beginning in 2020." She forfeited this argument by failing to raise it in her opening brief. (See *People v. Silveria and Travis* (2020) 10 Cal.5th 195, 255 [""It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party""""].) Moreover, the court found appellant was not credible in claiming her income was reduced or eliminated in 2020 and 2021 as a result of the pandemic, relying on evidence that, as she stated in April 2020, she was "conducting [her] business as usual." Thus, even absent forfeiture, we would reject her argument on the merits. (See *In re Caden C.*, *supra*, 11 Cal.5th at 640.) In sum, substantial evidence supported the court's finding that appellant had the ability to pay the $150,000 award.

## DISPOSITION

The order awarding respondent fees and costs under section 7605 is affirmed.  Respondent is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:



WILLHITE, J.



COLLINS, J.